IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES EUGENE MOORE, <br> # 297332, <br>     Plaintiff, <br><br> v. <br><br> WARDEN KARLA JONES, and <br> WARDEN WILLIAM STREETER, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:19-CV-610-WKW-CSC <br> ) <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Charles Eugene Moore, who is currently incarcerated at the Limestone Correctional Facility, in Harvest, Alabama, has filed pro se this 42 U.S.C. § 1983 action for damages for certain claimed violations of his federally protected rights while confined in the Kilby Correctional Facility ("Kilby"), in Mt. Meigs, Alabama on August 14 and 16, 2019. Doc. 1. Plaintiff brings suit against Wardens Karla Jones and William Streeter ("Defendants"). Plaintiff asserts numerous issues relating to the conditions of his confinement and alleges that Defendants acted deliberately indifferent to the inhumane conditions at Kilby. *See* Doc. 1. Plaintiff alleges, while housed in segregation at Kilby, Plaintiff suffered from spider and ant bites on his legs and arms "causing physical injuries." *Id*. at 3. Plaintiff also alleges that his cell has no light, no air ventilation, degrading water pipes, fungus, and environmental hazards such as wires. *Id*. Plaintiff maintains that he has suffered heat stroke due to the lack of air ventilation and that the toilets in segregation may only be flushed twice per hour. *Id.* Plaintiff states that he notified Defendant Jones as to the conditions, that Defendant Jones was "careless" and acted with "deliberate indifference" in failing to remedy the alleged conditions, and that Defendant Streeter, also a Kilby Warden, violated Plaintiff's rights by failing to cure the conditions. *Id*. For relief, Plaintiff seeks monetary damages, unspecified injunctive relief, and trial by jury. *Id*. at 4.

Defendants filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's claims for relief. Docs. 30, 31. In these filings, Defendants deny they acted in violation of Plaintiff's constitutional rights. Upon receipt of Defendants' special report, the Court entered an order which provided Plaintiff an opportunity to file a response to Defendants' special report. Doc. 32. This

order advised Plaintiff that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id*. at 1-2. The order further cautioned Plaintiff that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special report, as supplemented, and any supporting evidentiary materials as a motion for summary judgment and, (2) after considering any response as allowed by this order, rule on the dispositive motion in accordance with the law." *Id*. at 2. Plaintiff filed a response to Defendants' special report. Doc. 34. This case is now pending on Defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the Court concludes that Defendants' motion for summary judgment (Doc. 30) is due to be **GRANTED**.

I.     **Standard of Review**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id*. at 322-324.

Defendants have met their evidentiary burden. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-594 (11th Cir. 1995) (holding that, once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate there is a genuine dispute of material fact)

(internal quotations omitted). This Court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Educ.*, 495 F.3d 1306, 1313 (11th Cir. 2007).

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).

Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("Mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted

in favor of the moving party. *Celotex*, 477 U.S. at 322-23 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (summary judgment appropriate where no genuine dispute of material fact exists). At the summary judgment stage, this court must "consider all evidence in the record.... [including] pleadings, depositions, interrogatories, affidavits, etc. — and can only grant summary judgment if everything in the record demonstrates that no genuine [dispute] of material fact exists." *Strickland v. Norfolk Southern Railway Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show no genuine dispute as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v.*

4

*Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Plaintiff has failed to establish that there is a genuine issue as to a material fact to preclude summary judgment.

### II.  Discussion

#### A.  *Sovereign Immunity*

To the extent Plaintiff sues Defendants in their individual and official capacities, they are entitled to sovereign immunity from monetary damages in their official capacities. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied. Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848-49 (11th Cir. 2015) (citation and quotation marks omitted). Thus, a state official may not be sued in his official capacity unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit.

*Selensky*, 619 F. App'x at 849. "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)).

In light of the foregoing, Defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Selensky*, 619 F. App'x at 849; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).

#### B.  *Respondeat Superior*

Plaintiff names Kilby Wardens Jones and Streeter as the only defendants in this case. Doc. 1 at 1. Plaintiff states that he notified Defendant Jones as to the alleged unconstitutional conditions, that

5

Defendant Jones failed to cure any of the conditions, and that Defendant Streeter, also Warden at Kilby, violated Plaintiff's rights by failing to cure the alleged inhumane conditions. *See id*. at 3. Defendants Jones and Streeter, however, deny any knowledge that Plaintiff's cell allegedly did not meet sanitation standards. *See* Docs. 30-1, 30-2. Defendants further testify that: (a) lights are mounted outside the cells due to repeated manipulation of the light fixtures and for inmate safety; (b) the cells are ventilated with open bars; (c) fans are used to circulate the air in the Restrictive Housing Unit; (d) inmates are provided cleaning equipment and chemicals to clean their cells; (e) the toilet flushes twice every hour to conserve energy and prevent cell flooding; and (f) a pest control company sprays the facility once a month to control pests. *See* Docs. 30-1, 30-2. Defendants testify that, each day, officers and supervisors inspect Kilby "for safety issues and proper sanitation." Docs. 30-1 at 1, 30-2 at 1.

The claims against Defendants Jones and Streeter entitle Plaintiff to no relief. The law is well settled "that Government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior* [or vicarious liability].... *Robertson v. Sichel*, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ('A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties'). Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001) (A supervisory official "can have no respondeat superior liability for a section 1983 claim."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability.). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

Thus, liability for actions of correctional officials at Kilby could attach to Defendants Jones and Streeter only if they "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360.

Plaintiff, however, has presented no evidence which would create a genuine issue of disputed fact with respect to the claims lodged against Defendants Jones and Streeter. It is undisputed that neither Defendant personally participated in nor had any involvement, direct or otherwise, with the claims made the basis of the complaint. In light of the foregoing, Defendants Jones and Streeter can be held liable for actions of correctional officials at Kilby only if their actions bear a causal relationship to the purported violations of Plaintiff's constitutional rights. To establish the requisite causal connection and therefore avoid entry of summary judgment in favor of either Defendant, Plaintiff must present sufficient evidence which would be admissible at trial of either "a history of widespread abuse [that] put[ ] [Defendants] on notice of the need to correct the alleged deprivation, and [they] fail[ed] to do so ..." or "a ... custom or policy [that] result[ed] in deliberate indifference to constitutional rights, or ... facts [that] support an inference that [Defendants] directed the [facility's staff] to act unlawfully, or knew that [the staff] would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360 (internal punctuation and citations omitted). A thorough review of the pleadings and evidentiary materials submitted in this case demonstrates that Plaintiff has failed to meet this burden. The record before the Court contains no evidence to support an inference that either Defendant Jones or Defendant Steeler directed correctional officials to act unlawfully or knew that they would act unlawfully and failed to stop such action. In addition, Plaintiff has presented no evidence of obvious, flagrant, or rampant abuse of continuing duration in the face of which Defendants failed to take corrective action. Finally, it is clear that the challenged actions/conditions did not occur pursuant to a policy enacted by Defendants. Thus, the requisite causal connection does not exist between the actions of correctional officials at Kilby and Defendants and liability under the custom or policy standard is therefore not warranted. Based on the foregoing, summary judgment is therefore due to be granted in favor of Defendants.

### C. Qualified Immunity

In any event, as alternate grounds for dismissal, Defendants also argue that they are entitled to qualified immunity from damages in their individual capacities. Qualified immunity offers complete protection from civil damages for government officials sued in their individual capacities if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is not merely a defense against liability but immunity from suit, and the Supreme Court "repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (quotation marks and citation omitted). To receive qualified immunity, the public official must first

7

prove he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). There is no dispute that Defendants were acting within the course and scope of their discretionary authority when the conduct about which Plaintiff complains occurred. Plaintiff must, therefore, allege facts that, when read in a light most favorable to him, show Defendants are not entitled to qualified immunity. *Cottone*, 326 F.3d at 1358.

To satisfy his burden, Plaintiff must show two things: (1) that a defendant committed a constitutional violation and (2) that the constitutional right a defendant violated was "clearly established." *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004). "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right. . . . In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (citations and quotation marks omitted) (alteration in original). "Clearly established law" means (1) "a materially similar case has already been decided"; (2) "a broader, clearly established principle that should control the novel facts of the situation"; or (3) "the conduct involved in the case may so obviously violate the constitution that prior case law is unnecessary." *Gaines v. Wardynski*, 871 F.3d 1203, 1208-09 (11th Cir. 2017) (citations omitted). The controlling authority is from "the Supreme Court of the United States, the Eleventh Circuit, or the highest court in the relevant state." *Id.* at 1209. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (citations and quotation marks omitted).

The Eleventh Circuit "has stated many times that if case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Gaines*, 871 F.3d at 1210 (citations and quotation marks omitted). "Exact factual identity with the previously decided case is not required, but the unlawfulness of the conduct must be apparent from pre-existing law." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citation omitted). If a plaintiff cannot establish both elements to satisfy his burden, the defendants are entitled to qualified immunity, and the court may analyze the elements "in whatever order is deemed most appropriate for the case." *Rehberg v. Paulk*, 611 F.3d 828, 839 (11th Cir. 2010) (*citing Pearson*, 555 U.S. at 241-42).

> **D.     Section 1983 Claims**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United

> States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. Conditions Claims

Plaintiff alleges violations of his constitutional rights with respect to: (i) waking up on August 14, 2019, with spider and ant bites; (ii) lacking air ventilation, resulting in heat stroke; (iii) conditions in his cell including no light, fungus, wires, and degrading water pipes; and (iv) only being permitted to flush toilets twice per hour. As noted *supra*, Defendants deny having any knowledge that Plaintiff's cell allegedly did not meet sanitation standards and otherwise deny that Plaintiff's cell conditions were inhabitable.

The Supreme Court has developed a two-part analysis to govern Eighth Amendment challenges to conditions of confinement. The "objective component" of the analysis requires an inmate to demonstrate that the condition about which he complains is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Caldwell*, 748 F.3d at 1099. While an inmate "need not await a tragic event" before seeking relief, he must at the very least show that a condition of his confinement "pose[d] an unreasonable risk of serious damage to his future health" or safety. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citation omitted).

The subjective component of the analysis requires the inmate-plaintiff to show the defendant prison officials "acted with a sufficiently culpable state of mind" regarding the condition at issue. *Hudson*, 503 U.S. at 8 (quotation marks and citation omitted). The proper standard is that of deliberate indifference, *Wilson v. Seiter*, 501 U.S. 294, 303 (1991), but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Rather, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.' . . . [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer,* 511 U.S. at 837-38 (1994); *Campbell v. Sikes,* 169 F.3d

1353, 1364 (11th Cir. 1999) (citation omitted) (holding that "[p]roof that the defendant should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same). The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

> To be deliberately indifferent, Defendants must have been subjectively aware of the substantial risk of serious harm in order to have had a sufficiently culpable state of mind. . . . Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists—and the prison official must also draw that inference.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (internal quotation marks and citations omitted). A defendant's subjective knowledge of the risk must be specific to that defendant because "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. . . . Each individual Defendant must be judged separately and on the basis of what that person [knew at the time of the incident]." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). Moreover, "[t]he known risk of injury must be a strong likelihood, rather than a mere possibility before a [state official's] failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotation marks omitted).

Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Id*. at 346. Specifically, it is concerned with "deprivations of essential food, medical care, or sanitation" and "other conditions intolerable for prison confinement." *Id*. at 348 (citation omitted). Prison conditions which may be "restrictive and even harsh, are part of the penalty that criminal offenders pay for their offenses against society" and, therefore, do not necessarily constitute cruel and unusual punishment within the meaning of the Eighth Amendment. *Id*. at 347. Conditions, however, may not be "barbarous" nor may they contravene society's "evolving standards of decency." *Id*. at 345-46. Although "[t]he Constitution 'does not mandate comfortable prisons' . . . neither does it permit inhumane ones[.]" *Farmer*, 511 U.S. at 832 (quoting *Rhodes*, 452 U.S. at 349). For liability to attach, the challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to [the inmate's] future health." *Chandler*, 379 F.3d at 1289-90.

Thus, a prisoner's conditions of confinement are subject to constitutional scrutiny. *Helling v. McKinney*, 509 U.S. 25 (1993).

Assuming the truth of Plaintiff's statements, as the Court must at this stage of the proceedings, the Court finds Plaintiff has not alleged conditions so "extreme" as to pose "an unreasonable risk of serious damage to [his] future health." *See Chandler*, 379 F.3d at 1289-90.

*(i) Spider and Ant Bites*: Plaintiff complains that he woke up on August 14, 2019, with spider and ant bites. The record's evidence reflects that Plaintiff submitted sick call requests while housed in segregation, in which he complained of spider and ant bites, poor air ventilation, and a rash. Doc. 34-1 at 1-2, 5. In response to these complaints, Plaintiff's exhibits show that Plaintiff was prescribed lotion to treat his insect bites. *See id*. at 3, 6. Other than the sick call requests submitted to Wexford medical personnel, there is no evidence that any Kilby officer, including Defendants Jones and Streeter had any knowledge as to Plaintiff's insect bites. Indeed, Defendants expressly deny having any knowledge of any inhumane condition. Defendants further testify that inmates are provided cleaning equipment and chemicals to clean their cells and that pest control comes to Kilby once every month to spray for pests. *See* Docs. 30-1, 30-2.

Despite his contentions regarding the insect bites, Plaintiff has failed to establish that this condition denied him the minimal civilized measure of life's necessities or subjected him to wanton and unnecessary infliction of pain. *Wilson*, 501 U.S. at 298-299; *Rhodes*, 452 U.S. at 347. *See also Struggs v. City of Birmingham*, No. 2:13-CV-338-VEH, 2015 WL 777659, at *7 (N.D. Ala. Feb. 24, 2015) (citing *Pierce v. Prine,* 2014 WL 1431364, at *3 (M.D. Ga. Apr. 14, 2014) (where plaintiff complained about "'constant spider bites,' "amongst other conditions of confinement, court found "those conditions would not appear to be unconstitutional")). Further, Plaintiff has failed to demonstrate any deliberate indifference or reckless disregard by Defendants with respect to his health or safety. Specifically, Plaintiff has failed to identify any particular incident or condition occurring in his cell from which Defendants could infer that a substantial risk of serious harm existed to him. While Plaintiff makes the general assertion that he notified Defendant Jones as to his conditions of confinement, as noted *supra*, conclusory and threadbare assertions are insufficient to justify denial of summary judgment. Consequently, Defendants are entitled to qualified immunity and summary judgment is due to be granted in favor of the Defendants on this claim.

*(ii) Cell Conditions*: Plaintiff complains, because his cell lacks ventilation, Plaintiff suffered heat stroke. As noted *supra*, the record shows, in one sick call request, Plaintiff complained, *inter alia*, that he suffered from poor air ventilation. Doc. 34-1 at 1. Other than this sick call request submitted to medical personnel, there is no evidence that any Kilby officer, including Defendants Jones and

Streeter had any knowledge of Plaintiff's ventilation complaints. Indeed, Defendants expressly deny having any knowledge of any inhumane condition. Defendants further testify that the cells are ventilated with open bars and fans are used to circulate the air. *See* Docs. 30-1, 30-2.

Plaintiff also alleges that his cell lacks light, and, in his cell, there are degrading water pipes fungus, and wires. The record fails to show any evidence that Plaintiff complained to any Kilby correctional officer, including Defendants Jones and Smith of these conditions. Defendants deny having any knowledge of these complaints and further testify that inmates are provided cleaning supplies to clean their cells and that lights are placed on the outside of cells for inmate safety and to prevent manipulation. Docs. 30-1, 30-2.

> As to Plaintiff's claims that his cell lacks ventilation,
>
> the Eighth Amendment applies to prisoner claims of inadequate cooling and ventilation. Cooling and ventilation are distinct prison conditions, and a prisoner may state an Eighth Amendment claim by alleging a deficiency as to either condition in isolation or both in combination. Nonetheless, while distinct, cooling and ventilation are interrelated. Under certain factual scenarios, cooling and ventilation may be parts of a 'seamless web for Eighth Amendment purposes.' *Wilson* [*Seiter*, 501 U.S. 294, 303 (1991)].

*Chandler*, 379 F.3d at 1294-95. While Plaintiff maintains that the lack of ventilation has caused Plaintiff to suffer heat stroke, as testified by Defendants, cells are ventilated through open bars and fans are used to circulate the air. Plaintiff's evidence further shows that only on one occasion, did Plaintiff complain of the ventilation to Wexford health personnel. Doc. 34-1 at 1. While the heat alleged by Plaintiff on August 16, 2019, may, at times, have been uncomfortable, inconvenient, unpleasant, or objectionable, he has not shown that Defendants denied him the minimal civilized measure of life's necessities, deprived him of a single human need, or subjected him to a wanton and unnecessary infliction of pain. *Wilson*, 501 U.S. at 298-299; *Rhodes*, 452 U.S. at 349 (quotation marks and citation omitted) (finding that "routine discomfort is part of the penalty prisoners may pay for their offenses, and prisoners cannot expect the amenities, conveniences, and services of a good hotel."). The Court finds that Plaintiff's allegations as to the lack of light, wires, fungus, or degrading water pipes, fail for the same reason. Plaintiff fails to show how any of these conditions denied him the minimal civilized measure of life's necessities or subjected Plaintiff to a wanton and unnecessary infliction of pain. Plaintiff has also failed to demonstrate any deliberate indifference or reckless disregard by Defendants with respect to his health or safety. Plaintiff has failed to identify any particular incident or condition occurring in his cell from which Defendants could infer that a substantial risk of serious

harm existed to him. Consequently, Defendants are entitled to qualified immunity and summary judgment is due to be granted in their favor on these claims.

*(iii) Toilet Flushes:* Last, Plaintiff alleges Defendants infringed upon his constitutional rights because the toilets in segregation are only flushed twice per hour. In response to this allegation, Defendants testify that ADOC Engineer Division installed a system in Restrictive Housing to prevent cell flooding and to conserve energy. As such, toilets flush twice every hour. Docs. 30-1, 30-2. "While it is true that 'courts have been especially cautious about condoning conditions that include an inmate's proximity to human waste,' *Gates v. Cook,* 376 F.3d at 341, it is also apparent that 'toilets can be unavailable for some period of time without violating the Eighth Amendment.'" *Scaff-Martinez v. Reese*, No. 1:10-CV-00549-CLS, 2012 WL 6754889, at *17 (N.D. Ala. Aug. 31, 2012), *report and recommendation adopted*, No. 1:10-CV-00549-CLS, 2012 WL 6754893 (N.D. Ala. Dec. 27, 2012) (quoting *Johnson v. Lewis,* 217 F.3d 726, 733 (9th Cir. 2000)). Although not a commendable practice, there is nothing before the Court showing that this delay in flushing an inmate's toilet is tantamount to cruel and unusual punishment under present Eighth Amendment case law. *See Scaff-Martinez*, 2012 WL 6754889, at *17 (finding that, while not commendable, a prison policy requiring toilets be flushed once every two hours did not violate a clearly established right).

As previously noted, the Constitution does not mandate that prisons be comfortable, *Rhodes*, 452 U.S. at 349, and "a prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Chandler*, 379 F.3d at 1296. Despite his contentions regarding the conditions in his cell, Plaintiff has failed to establish that the limited allowance to flush toilets denied him the minimal civilized measure of life's necessities or subjected him to a wanton and unnecessary infliction of pain. *Wilson*, 501 U.S. at 298-299; *Rhodes*, 452 U.S. at 347. Further, Plaintiff has failed to demonstrate any deliberate indifference or reckless disregard by Defendants with respect to his health or safety. Specifically, Plaintiff has failed to identify any particular incident or condition occurring in his cell from which Defendants could infer that a substantial risk of serious harm existed to him. Consequently, Defendants are entitled to qualified immunity and summary judgment is due to be granted in favor of Defendants on this claim.[1]

---

[1] Insofar as Plaintiff requests unspecified injunctive relief against Defendants (Doc. 1 at 4), the Court notes that Plaintiff has since been transferred from Kilby to Limestone Correctional Facility. Well-recognized in this Circuit is that "'[t]he general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief' even when 'there is no assurance that he will not be returned to the jail.'" *Robbins v. Robertson*, 782 F. App'x 794, 799 (11th Cir. 2019) (quoting *McKinnon v. Talladega Cty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984)). Plaintiff has not shown that an exception to this rule applies. Indeed, there is no showing "that Defendants attempted 'to evade the jurisdiction of the court' by transferring him, [*McKinnon,* 745 F.2d at 1363], and Plaintiff has made no showing that his complaints are capable of repetition, yet evade review." *Id.* (quoting *See United States v.*

### E. State Law Claims

Plaintiff also attempts to bring claims against Defendants Jones and Steeler based on state criminal penalties and state-law tort claims of negligence and intentional infliction of emotional distress. Doc. 1 at 3 (citing Ala. Code §§ 14-3-13, 14-3-16). To the extent Plaintiff seeks to hold Defendants criminally liable, these claims are due to be dismissed because this Court has no authority to act as a prosecutorial entity and lacks jurisdiction to refer any defendant to a federal agency (much less a state agency) for criminal prosecution. *See United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000). Furthermore, it is well settled that a private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).[2]

Last, insofar as Plaintiff claims the state torts of negligence or intentional infliction of emotional distress, review of such claims is only appropriate upon exercise of the Court's supplemental jurisdiction. For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, 'the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a "common nucleus of

---

*Sanchez-Gomez*, ––– U.S. –––, 138 S. Ct. 1532, 1540, 200 L.Ed.2d 792 (2018) ("A dispute qualifies for that exception only 'if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again.'"). Therefore, to the extent Plaintiff requests injunctive relief, this request is moot.

[2]   Insofar as Plaintiff intended to argue that Defendants violated his constitutional rights for allegedly violating Kilby administrative regulation or policy (*see* Doc. 1 at 5), Plaintiff is entitled to no relief. As this Court previously opined:

> The law is well-settled that infringements of agency rules, regulations, policies or procedures do not, without more, amount to constitutional violations. *Fischer v. Ellegood*, 238 F. App'x 428, 431 (11th Cir. 2007) (holding that Plaintiff's claim alleging defendants violated an internal jail policy was insufficient to survive summary judgment); *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995) (noting that prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and "such regulations are not designated to confer [constitutional] rights on inamtes"); *Magluta v. Samples*, 375 F.3d 1269, 1279 n. 7 (11th Cir. 2004) (mere fact governmental agency's regulations or procedures may have been violated does not, standing alone, raise a constitutional issue); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (claim that prison officials have not followed their own policies and procedures does not, without more, amount to a constitutional violation); *United States v. Caceres*, 440 U.S. 741, 751–52 (1979) (mere violations of agency regulations do not raise constitutional questions); *Weatherholt v. Bradley*, 316 F. App'x 300, 303 (4th Cir. 2009) (same).

*Hutchins v. Myers*, No. 2:16-CV-324-WHA, 2019 WL 2169211, at *9 (M.D. Ala. Apr. 24, 2019), *report and recommendation adopted*, No. 2:16-CV-324-WHA, 2019 WL 2163610 (M.D. Ala. May 17, 2019). Consequently, to the extent Plaintiff intended to assert this claim, Defendants are entitled to summary judgment.

operative fact."" *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of the Court's resolution of the federal claims presented in the complaint, Plaintiff's supplemental state tort claims are due to be dismissed. *Gibbs,* 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### III. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (Doc. 30) be GRANTED.
2. Plaintiff's pendent state law claims be DISMISSED without prejudice.
3. This case be DISMISSED with prejudice.
4. Judgment be ENTERED in favor of Defendants.
5. No costs be taxed.

**On or before April 18, 2022,** the parties may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file an objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of April 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE